Jim Hays, Superintendent Kansas Veteran's Home 1220 World War II Memorial Drive Winfield, Kansas 67156
Dear Superintendent Hays:
You have requested our opinion regarding whether an unclassified temporary physician's assistant would be covered under the Kansas Tort Claims Act.[1]
Whether a person is a state employee for the purpose of the Kansas Tort Claims Act ultimately depends upon the individual facts of the person's case. As you aptly indicate in your opinion request, the question you pose will turn upon whether this temporary physician's assistant is an "employee" (as that term is defined in K.S.A. 75-6102) or if that individual is an independent contractor excluded from coverage.
Generally, contracts can be oral or written. It is important to note that K.S.A. 75-6102, in discussing an "independent contractor," distinguishes such a person from an "employee" by the existence of acontract with a governmental entity, but not necessarily of a written
contract. Nothing in either the common law or the statute of frauds requires a contract for employment to be in writing for the purpose of determining whether a person is an "employee" or an "independent contractor" under the Kansas Tort Claims Act. In simple terms, whether a person is an employee or an independent contractor is not determined solely by whether a written contract exists.
In Mitzner v. State Dept. of SRS,[2] the Kansas Supreme Court distinguished independent contractors from employees as follows:
 "An independent contractor is defined as one who, in exercising an independent employment, contracts to do certain work according to his or her own method, without being subject to the control of the employer, except as to the results or product of his or her work. The primary test used by the courts in determining whether the employer-employee relationship exists is whether the employer has the right of control and supervision over the work of the alleged employee, and the right to direct the manner in which the work is to be performed, as well as the result which is to be accomplished. It is not the actual interference or exercise of the control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor."[3]
In the facts you present to us, you advise that, through your medical director, you control the diagnosis and recommended treatment plan, although you have subsequently advised us that this control exists because all physician's assistants are legally required to be so supervised by a doctor. Nonetheless, for whatever reason, your agency still exercises control over the physician's assistants' diagnoses and treatment plans. You have subsequently advised that the physician's assistant follows a written protocol, as defined by the Kansas Administrative Regulations, that you control the work schedule, you control which residents of the home the physician's assistant is to see, and that the physician's assistant sees patients only at the Kansas Veterans' Home. The physician's assistant serves on a committee at the Kansas Veterans' Home and does not maintain an office away from the facility, nor does he visit patients in the hospital.
It appears to us that in this specific situation, the control not only allowed to the Kansas Veterans' Home, but actually exercised by the Home ties this physician's assistant more closely to the Home than would be the case with an independent contractor.
Accordingly, it is our opinion that the physician's assistant is an "employee" of the State of Kansas for the purpose of coverage under the Kansas Tort Claims Act.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Ralph J. De Zago Assistant Attorney General
PK:JLM:RJD:jm
[1] K.S.A. 75-6104 et seq.
[2] 257 Kan. 258 (1995).
[3] Mitzner, 257 Kan. at Syl. ¶ 2.